## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDWARD GREEN**                                    **CIVIL ACTION**

**VERSUS**                                          **NO.  15-1738**

**MARLIN N. GUSMAN, ET AL**                         **SECTION "B"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  On August 27, 2015, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for defendants participating by conference telephone call.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    Factual and Procedural Background

### A.    Original Complaint

The plaintiff, Edward Green ("Green"), an inmate housed in the Conchetta Jail within the Orleans Parish Prison system ("OPP") at the time of the filing of this complaint,[3] filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Orleans

---

[1]766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims.  The information received is considered to an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]The plaintiff was sworn prior to testifying, The *Spears* hearing testimony is from the undersigned notes. (Rec. Doc. No. 9).

[3]The plaintiff is currently housed in the Madison Parish Detention Center. (Rec. Doc. No. 6).

Parish Sheriff Marlin N. Gusman, Mr. Carlos J. Louque, Ms. Bonita Pittman and Orleans Parish.[4] Green alleges several complaints about the conditions of confinement at the prison namely, unsanitary showers,  rust and mold in the showers and on the floors, broken showers that run continuously, and rusty and peeling tables.  Green also alleges that there was mildew on the toilets and sinks and inmates sleeping on the floor.  As a result of the conditions of his confinement, Green seeks compensation for pain and suffering sustained while he was in the custody of Orleans Parish Sheriff's Office.  He further seeks a complete physical to determine if he has any ailments attributable to the poor living conditions in the facility.

      **B.**     ***Spears* Hearing**

Green testified that the conditions about which he complains includes that the air condition vents have mold which cause him to sneeze.  He testified that all prison officials did when he complained of the existence of the mold was paint over it. He complained that every time the showers ran that he would suffer from dizziness and would also experience random nose bleeds.

Green testified that he was arrested on November 6, 2013, and is housed in the Conchetta Jail.  He was sentenced to serve twenty-five years on June 26, 2014. Green seeks an opportunity to be examined to determine if he has contracted something and monetary damages for pain and suffering.

**II.**    **Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

---

[4]Local governing bodies are "persons" within the meaning of § 1983 and therefore, are subject to suit under that provision.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible."  *Id.* Green however did not allege claim against the governing body such as Orleans Parish.

determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

### A.   No Basis for Liability

Green asserts that the conditions of his confinement at Conchetta were unsanitary including mold, rust, a broken toilet, molded vents and ceilings, and overcrowding forced prisoners to sleep on the floor.  As outlined previously, Green named the defendants, Sheriff Gusman, Mr.  Carlos J. Louque, Ms. Bonita J. Pittman and Orleans Parish. He alleges that he complained to each of them except Sheriff Gusman but that because he was head of the jail he too should be held liable.

To recover under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.  *See Flagg Bros.*, *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson,* 454 U.S. 312 (1981).  Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to liability on a claim for damages under §1983.  Thus, a supervisory official, like Sheriff Gusman and the other defendants, such as C. Ruiz cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999);  *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").  A defendant would be liable under § 1983 only if he or she were "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also*, *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

Green has not alleged that he has suffered any injury directly resulting from any order, training, or other policy implemented by Sheriff Gusman or the ranking officers  that would create a vicarious liability under § 1983.  *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Green has not alleged a personal action or connection that would render Sheriff Gusman liable. For these reasons, Green's claims against the defendants as supervisory officials over the prison are frivolous and otherwise fail to state a claim for which relief can be granted under § 1915, § 1915A, and § 1997e.

**B.**     **Conditions of Confinement**

Even if Green had identified a proper defendant, he has not alleged or established a constitutional violation resulting from the conditions in Conchetta in order to recover under § 1983. As a result, the claims against each of the defendants should be dismissed.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'"  *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

As discussed previously, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit*, 641 F.2d at 346. Furthermore, the official must have acted with deliberate indifference to a known risk of harm to be liable under § 1983.  An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm."  *Thompson*, 245 F.3d at 459.  The plaintiff must prove facts sufficient to show "at a minimum, that the prison officials realized there was imminent danger and

have refused--consciously refused, knowingly refused--to do anything about it." *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir. 1987). Applying these factors to the instant case, Green has not alleged a constitutional violation based on the conditions in Conchetta.

The conditions described by plaintiff, while plainly not comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation. The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). The Courts also have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib*, 138 F.3d at 215 (citing *Rhodes*, 452 U.S. at 349); *accord Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

In keeping with this philosophy, the federal courts have recognized that certain institutional problems such as dust, mold, and stale air do not amount to a constitutional violation. *See*, *e.g.*, *White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *1 (E.D. La. Nov. 12, 2014); *Harrison v. Cox*, No. 12-1813, 2013 WL 620799, at *5 (W.D. La. Jan.16, 2013), *adopted*, 2013 WL 622399, at *1 (W.D. La. Feb. 15, 2013); *Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), *adopted*, 2012 WL 1825302, at *1 (E.D. La. May 18, 2012). To the extent Green asserts that these factors were present in Conchetta, he has not stated a constitutional violation.

Furthermore, the jurisprudence has repeatedly held that the presence of mold and dampness in a prison setting does not render an inmate's confinement unconstitutional. *See*, *e.g.*, *Eaton v. Magee*, No. 10-112, 2012 WL 2459398, at *5 (S.D. Miss. Jun. 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); *Barnett v. Shaw*, No. 11-0399, 2011 WL 2200610, at *2 (N.D. Tex.

6

May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), *adopted*, 2011 WL 2214383, at *1 (N.D. Tex. Jun. 7, 2011); *Reynolds v. Newcomer*, No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks omitted)).

Thus, Green's allegations about mold, leaking fixtures and dampness fail to establish constitutional violations.  *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell); *Davis v. St. Charles Parish Corr. Ctr.*, No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010) (citing *Talib*, 138 F.3d at 215).  "Simply because [plaintiff's] dorm is less sanitary than he would like does not render the conditions unconstitutional." *Wilson v. Lynaugh*, 878 F.2d 846, 849 & n.5 (5th Cir. 1989)) (inmate who complained of "unsanitary practice[s]," including inadequate ventilation, unsanitary water fountains, 52 inmates using one ice cooler, rest room four feet from the dining area, toilets leaking water and unsanitized living quarters, failed to state a claim.).  As one federal appellate court has concluded, "[l]leaky toilets and puddles are unpleasant but not unconstitutional." *Smith v. Melvin*, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. Jul. 26, 1996); *accord Davis*, 2010 WL 890980, at *9; *Wilkerson v. Champagne*, No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003).

For the foregoing reasons, Green's claims are frivolous and otherwise failed to present a claim for which relief can be granted.  The claims should be dismissed for this reason under § 1915, § 1915A, and § 1997e.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Green's § 1983 claims against the defendants, Sheriff Gusman, Mr. Carlos J. Louque, Ms. Bonita Pittman and Orleans Parish be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 6th day of May, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.